RAYMOND (EARL v.). See Case No. 4,243.

---

## Case No. 11,594.

### RAYMOND v. The ELLEN STEWART.

[5 McLean, 269.] [1]

Circuit Court, D. Michigan. June Term, 1850.

MARITIME LIEN—GIVING NOTE—STATUTORY LIEN —DOMESTIC VESSELS—NAVIGABLE WATERS.

1. The giving of a note to a material man does not extinguish the general maritime lien,

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

for materials furnished in building a vessel, or in repairing it.

[Cited in McAllister v. The Sam Kirkman, Case No. 8,658; The Napoleon. Id. 10,011; The Richard Busteed, Id. 11,764; Harris v. The Kensington, Id. 6,122.]

[Cited in Sinton v. The R. R. Roberts, 46 Ind. 486.]

2. The rule holds where the lien is given by statute.

3. The general maritime lien does not apply on domestic vessels.

4. It is important that the note given should be delivered up at the trial. This is essential to the maintenance of the action.

5. The rule as to the maritime jurisdiction over our navigable waters is the reasonable rule. It is within the reason of the principle of jurisdiction at first adopted.

[Appeal from the district court of the United States for the district of Michigan.]

In admiralty.

Mr. Walker, for libellant.

Mr. Abbott, for defendant.

OPINION OF THE COURT. This is an appeal from the district court. And the only question is, whether a material man loses his lien on a vessel by taking a promissory note on time, which he offers to deliver up at the hearing. The case in the district court was decided against the libellant.

In the Revised Code of Michigan of 1848 (page 537, § 1) it is provided, "that every ship, boat, or vessel, used in navigating the waters of this state, shall be subject to a lien thereon: 1st. For all debts contracted by the master, owner, or agent, or consignee thereof, on account of supplies furnished for the use of such ship, boat, or vessel, on account of work done or materials furnished by mechanics, tradesmen, or others, in or about the building, repairing, fitting, furnishing, or equipping such ship, boat, or vessel." By the civil law, those who built, repaired, or supplied a ship, had a lien on the vessel for his compensation. And this principle was incorporated into all the codes of maritime law. It was acted upon in England until the time of Charles II., when the action of the courts of common law only recognized the common law lien of a mechanic, resulting from the labor performed, and the possession of the thing. This maritime lien is extended by the civil and general maritime law, to all ships and vessels, whether domestic or foreign. But in the case of The General Smith [4 Wheat. (17 U. S.) 438], and in a number of subsequent cases, the supreme court of the United States have held, that unless the law of the state give a lien, there can be none, on domestic vessels, or vessels engaged in our internal commerce. But they have held that where a lien is created by the local law, it will be enforced by a maritime court. The late act of congress extending the principles of the maritime law, somewhat modified, to our Northern lakes. and the rivers falling into them, removes all difficulty as to the exercise of such a jurisdiction. The maritime jurisdiction, as admin-

istered in England, was limited to the waters within which the tide ebbed and flowed. But by the civil law there was no such limitation. It was applied over all navigable waters.

It is contended that the taking of a promissory note, is a waiver of the lien. In ordinary cases, a promissory note is not evidence of a payment, so as to bar an action, for the consideration, unless it was so received at the time it was delivered. Where it is not so received, the holder may bring his action on the original consideration, and deliver up the note at the trial. 7 Johns. 310; 1 Cow. 290; 1 Doug. [Mich.] 510. The delivery of the note is essential to the maintenance of the action, especially if it be negotiable. A case [Ramsay v. Allegre] in 12 Wheat. [25 U. S.] 611, is referred to as decisive of this point. But there was no offer in that case to deliver up the note, and it did not appear from anything in the case, that it might not have been negotiable, and was then in the hands of a bona fide holder. The decision turned upon this consideration, against the enforcement of the lien. In the case under consideration, the note is presented to the court, to be surrendered to the party giving it. By the common law, if a credit be given, and a new security taken, it discharges the lien. Zane v. The President [Case No. 18,201]; 4 Camp. 146. The case of The Nestor [Case No. 10,126], does not seem to have involved the question now for decision. The language of the judge must be taken as it applies to the case. But in the case of The Chusan [Id. 2,717], the point ruled is the identical one now made. In that case one of the owners gave a note at six months, for copper furnished. The note was offered to be surrendered at the hearing. The copper was furnished at New York, and it was held that the law of New York, being the same as the law in Michigan, controlled the effect of taking a promissory note, and that such taking was not, in any way a waiver of such lien. This appears to be decisive of the question, and no higher authority can be desired.

The late decision of the supreme court, which, according to the rule of the civil law, sustains the maritime jurisdiction over all our navigable waters, where the commerce is between two or more states, removes all difficulty on the question of jurisdiction. This is the reasonable rule on the subject. In England there are few, if any, rivers navigable above the flowing of the tide. Hence this flowing of the tide was assumed as fixing the extent of the navigability of their rivers. Under similar circumstances, the limitation to the maritime jurisdiction was adopted, at first, in this country. Very few of the Atlantic rivers in our country, are navigable above the flowing of the tide. Our Western rivers are navigable for great distances, where the tide does not flow. On this ground the jurisdiction was applied to our navigable waters, clearly within the reason of the rule, at first adopted. The decree of the district court is reversed.